IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK McNEELY,

    Petitioner,                        No. CIV S-10-728 JAM KJM P

    vs.

GARY SWARTHOUT, Warden,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

                                /

           Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus, which he characterizes as being brought under 28 U.S.C. § 2241. On May 3, 2010, this court recommended that the petition be dismissed because petitioner had not exhausted state remedies. The district judge adopted this recommendation on June 24, 2010.

           On July 12, 2010, petitioner filed a motion to amend or alter the judgment, citing Rule 59(e) of the Federal Rules of Civil Procedure. He alleges that the exhaustion requirement does not apply to Section 2241 petitions generally; that the requirement does not apply to him because he is seeking to enforce a prior ruling of the Ninth Circuit which, in his view, would undermine his current conviction; and that if the exhaustion requirement does apply, it should not be enforced in this case.

1

1         The gravamen of petitioner's habeas petition and the current motion is that the
2 Ninth Circuit's decision in <u>McNeely v. Blanas</u>, 336 F.3d 822 (9th Cir. 2003), and an order issued
3 by Judge Levi in <u>McNeely v. Bonner</u>, Civ. No. 04-1215, render his current conviction invalid.
4 This court has previously addressed the same claim in <u>McNeely v. McGinness</u>, Civ. No. S-09-
5 2454 KJM P, which it found to be duplicative of <u>McNeely v. McGinness</u>, Civ. No. S-09-2375
6 DAD P and <u>McNeely v. McGinness</u>, Civ. No. S-08-0175 LEW JFM P.  Both of those cases
7 address the issues petitioner presents in this current action.
8         In <u>McNeely v. McGinness</u>, Civ. No. S-09-2375 JAM DAD, petitioner alleged that
9 the prosecution in 07F09282 was based on a prior conviction found invalid by <u>McNeely v.</u>
10 <u>Blanas</u>, and violated the holding of that case.  The Magistrate Judge rejected these claims, noting
11 the Sacramento County prosecution was based on petitioner's failures to register as a sex
12 offender in 2006 and 2007 and that the Ninth Circuit did not address, much less invalidate, the
13 1995 Placer County conviction that imposed the registration requirement.  <u>See</u> Civ. No. S-09-
14 2375 JAM DAD, Docket No. 24 at 3.
15         In <u>McNeely v. McGinness</u>, Civ. No. S-08-0175 LEW JFM P, petitioner argued
16 that the prosecution in Sacramento County 07F09282 was barred because of the Ninth Circuit's
17 opinion, a claim the Magistrate Judge, the District Judge, and the Ninth Circuit have rejected.
18 <u>See</u> Civ. No. S-08-0175 LEW JFM P, Docket Nos. 7, 9 & 28.
19         Petitioner has now been convicted of the failure to register, which is apparently
20 based on the 1995 Placer County conviction that was not invalidated by any ruling issued by the
21 Ninth Circuit or by Judge Levi.  Because the instant action challenges the impact of that prior
22 conviction on the current conviction, petitioner must exhaust his state remedies before
23 proceeding.  Even if the court considers the petition as one brought under 28 U.S.C. § 2241,
24 petitioner must still exhaust state remedies before proceeding.  <u>Carden v. Montana</u>, 626 F.2d 82,
25 83 (9th Cir. 1980).  Finally, he has manifestly not shown any special circumstances that would
26 excuse exhaustion, because his underlying premise is simply incorrect.

1  IT IS THEREFORE RECOMMENDED that petitioner's motion to amend or alter the judgment (Docket No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 5, 2010.

_____
U.S. MAGISTRATE JUDGE

2
mcne0728.60(b)